UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUSCLE MAKER FRANCHISING, LLC, <br>   a New Jersey limited liability company <br>   15 Prospect Lane, Suite 2 AB <br>   Colonia, New Jersey 07067 <br><br>               Plaintiff, <br><br>   v. <br><br> HEALTHY DINING LLC, <br>   a New Jersey limited liability company <br>   P.O. Box 3013 <br>   Kearny, NJ 07032; <br><br> KRZYSZTOF CZEKAJ <br>   a New Jersey resident <br>   93 Highland Road <br>   Colonia, NJ 07067; and <br><br> TOMASZ STEC <br>   a New Jersey resident <br>   13 Trinity Place <br>   Kearny, NJ 07032 <br><br>               Defendants. | CIVIL ACTION NO.: <br><br> JURY TRIAL NOT DEMANDED |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Muscle Maker Franchising, LLC, by and through its attorneys, Wiggin and Dana LLP, avers as follows:

1.     Plaintiff, Muscle Maker Franchising, LLC (hereinafter referred to as "Muscle Maker"), is a limited liability company organized and existing under the laws of the State of New Jersey, with a principal place of business located at 15 Prospect Lane, Suite 2 AB, Colonia, New Jersey 07067.

2.     Defendant Healthy Dining LLC (hereinafter referred to as "Healthy Dining" or "Franchisee") is a limited liability company organized and existing under the laws of the State of New Jersey, with a principal place of business located at P.O. Box 3013, Kearny, New Jersey 07032.

3.     Defendant Krzysztof Czekaj (hereinafter referred to as "Czekaj") is a resident of the State of New Jersey.

4.     Defendant Tomasz Stec (hereinafter referred to as "Stec") is a resident of the State of New Jersey.

5.     Healthy Dining, Czekaj and Stec are sometimes collectively referred to hereinafter as "Defendants."

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 because Muscle Maker's claims against Defendants include claims for trademark infringement, unfair competition, false advertising and dilution under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## THE NATURE OF MUSCLE MAKER'S BUSINESS

8.     Muscle Maker is engaged in the business of franchising Muscle Maker Grill® restaurants located throughout the United States.

2

9. Muscle Maker franchisees are licensed to use Muscle Maker's trade names, service marks and trademarks and to operate under the Muscle Maker business system (the "Muscle Maker System"), using specially designed spaces with special equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and information.

10. The relationship between Muscle Maker and its franchisees is governed by the terms and conditions of the Muscle Maker franchise agreement entered into between Muscle Maker and each franchisee. As partial consideration for Muscle Maker's agreement to disclose the Muscle Maker System, all franchisees agree, among other things, not to be involved in any competitive business offering products and services then offered by a Muscle Maker Grill® restaurant for a specified time upon termination or expiration of their franchise.

11. The in-term and post-term covenants which are present in all the franchise agreements that Muscle Maker enters into with its franchisees are essential to maintaining the integrity of Muscle Maker's franchise system, trade secrets and confidential and proprietary information and to protecting other franchisees from unfair competition from former franchisees.

12. Muscle Maker provides its franchisees with extensive training and assistance in all facets of operating and promoting a Muscle Maker Grill® restaurant. Areas in which Muscle Maker franchisees are trained include operations, advertising, accounting and specifications for inventory, supplies, equipment and signage. Muscle Maker also provides its franchisees with its Confidential Operating Manual.

13. Among other trademarks, Muscle Maker owns the mark and related logo "Muscle Maker Grill®", which is registered with the United States Patent and Trademark Office

3

– No. 3308667. Muscle Maker and its franchisees have continuously used and advertised Muscle Maker's trademarks throughout the United States. Muscle Maker's trademarks distinguish its franchises from similar businesses and are widely known and recognized by consumers.

### FRANCHISEE'S MUSCLE MAKER GRILL® FRANCHISE

14. On February 10, 2010, Muscle Maker and Franchisee entered into a Franchise Agreement (the "Franchise Agreement"), under which Franchisee was granted the right and undertook the obligation to operate a Muscle Maker Grill® restaurant located at 2071 Clove Road, Staten Island, NY 10304 (the "Restaurant"). A true and correct copy of the Franchise Agreement is attached to the Complaint as **Exhibit 1** and is incorporated herein by this reference.

15. Czekaj and Stec each executed the Franchise Agreement as the managing members of Franchisee.

16. Pursuant to the Franchise Agreement, Defendants were provided with valuable training, assistance and support in operating a Muscle Maker Grill® Restaurant. Defendants also were exposed to the proprietary Muscle Maker Operating Manual and other confidential materials. Defendants attended Muscle Maker's training programs and seminars and, by virtue of Defendants' status as Franchisee of Muscle Maker, and managing members of Franchisee, were privy to Muscle Maker confidential and proprietary information.

17. On information and belief, the Defendants had no experience in or knowledge of the restaurant industry other than what they learned from Muscle Maker with their Restaurant.

4

18.     Pursuant to the terms of the Franchise Agreement, Franchisee became licensed: (i) to operate a Muscle Maker Grill® restaurant"; (ii) to display the Muscle Maker name, logo and marks; (iii) to receive training and access to Muscle Maker's methods, procedures and techniques; and (iv) to participate in an established network of licensed restaurants with a product and service for which Muscle Maker has created substantial demand through the maintenance of the highest quality standards and extensive advertising.

19.     Under the Franchise Agreement, Franchisee agreed, among other things, that, upon termination of the Franchise Agreement, Franchisee would not disclose Muscle Maker's trade secrets and confidential and proprietary information (the "Know-how") in any business or otherwise ("Covenant of Confidentiality"):

> [Franchisee] agrees that upon termination or expiration of this [Franchise Agreement], [Franchisee] will immediately cease to use [Muscle Maker's] Know-how disclosed to [Franchisee] pursuant to this [Franchise] Agreement in any business or otherwise and will return to [Muscle Maker] all copies of the Manual which have been loaned to [Franchisee] by [Muscle Maker]. [Franchisee] will discontinue any use of [Muscle Maker's] recipes and menu.

Confidentiality Agreements, Franchise Agreement, **Exhibit 1** to the Complaint, at ¶ 15.3.

20.     In addition to the Covenant of Confidentiality, Franchisee specifically agreed in the Franchise Agreement that all information in Muscle Maker's Operating Manual was confidential and proprietary:

> All information in the [Operating] Manual is confidential and proprietary and constitutes [Muscle Maker's] trade secrets. Information contained within the Manual shall not be disclosed to third parties without [Muscle Maker's] prior written approval.

Franchise Agreement, **Exhibit 1** to the Complaint, at ¶ 3.2(i).

21.     The Franchise Agreement includes the following covenant not to compete:

5

> Upon expiration of this [Franchise] Agreement for any reason, [Franchisee], [Franchisee's] officers, directors, owners and any manager(s) shall not have any interests as an owner, partner, director, officer, employee, manager, consultant, shareholder, member, representative, agent or otherwise in any business competitive with the products and services then offered by a *Muscle Maker Grill* restaurant for a period of two (2) years following the occurrence of said event, at the [Restaurant], within a five (5) mile radius of any *Muscle Maker Grill* restaurant or the county in which [Franchisee] owned any franchised Restaurant or within five (5) miles of the perimeter of said county.

Franchise Agreement, **Exhibit 1** to the Complaint, at ¶15.4(ii).

22.     Franchisee also agreed under the Franchise Agreement that:

[Franchisee] and [Franchisee's] officers, directors, owners and any manager(s) also agree upon termination of this [Franchise] Agreement:

a.     Not to divert, or attempt to divert, directly or indirectly any business, business opportunity, or customer of the Restaurant to any competitor.

b.     Not to employ or seek to employ any person who is at the time (or has been within the preceding six (6) months) employed by [Muscle Maker], or any of [Muscle Maker's] affiliates, or any of [Muscle Maker's] franchisees or developers, or otherwise directly or indirectly induce such person to leave that person's employment.

Franchise Agreement, **Exhibit 1** to the Complaint, ¶ 32.

23.     Under the Franchise Agreement, Franchisee agreed that if Muscle Maker instituted a judicial proceeding against Franchisee to enforce the terms of the Franchise Agreement, the prevailing party shall be entitled to reimbursement of its costs and expenses, including reasonable accounting and legal fees as assessed by the court. *See* Franchise Agreement, **Exhibit 1** to the Complaint, at ¶ 16.7.

6

**FRANCHISEE'S MUSCLE MAKER GRILL® DEVELOPMENT AGREEMENT**

24.     On February 10, 2010, Muscle Maker and Healthy Dining also entered into a Multi-Unit Development Agreement (the "Development Agreement"), under which Healthy Dining was granted the right and undertook the obligation to develop and operate Muscle Maker® restaurants within a specified development area. A true and correct copy of the Development Agreement is attached hereto as **Exhibit 2** and is incorporated herein by this reference.

25.     Czekaj and Stec each executed the Multi-Unit Development Agreement as the managing members of Healthy Dining.

26.     Under the Development Agreement, Franchisee was obligated to, among other things, open and operate a cumulative total of three Muscle Maker Grill® Restaurants by no later than February 2013.

27.     Under the Development Agreement, Defendants agreed, among other things, to maintain the confidentiality and secrecy of the contents of the Confidential Operating Manual and not to disclose any information contained therein to an unauthorized person. *See* Development Agreement, **Exhibit 2** to the Complaint, at ¶ IX.A.2.

28.     Defendants agreed, among other things, under the Development Agreement that upon termination they would return the Confidential Operating Manual and all other items related to the development or operations of Restaurants furnished to them by Muscle Maker. *See* Development Agreement, **Exhibit 2** to the Complaint, at ¶ X.A.

29.     Defendants further agreed that, upon termination of the Development Agreement, Healthy Dining and its owners and employees would immediately cease to use, and

would maintain the absolute confidentiality of Know-how disclosed to, or otherwise learned or acquired by, Defendants and return to Muscle Maker all copies of confidential materials which were loaned by Muscle Maker to Defendants. *See* Development Agreement, **Exhibit 2** to the Complaint, at ¶X.D.

30.     Defendants also covenanted for a continuous uninterrupted period commencing upon the termination of the Development Agreement and continuing for two (2) years thereafter, that they would not have any interest as a proprietor, partner, investor, lender, shareholder, director, officer, member, manager, employee, principal, agent, representative, advisor, franchisor, franchisee, consultant or otherwise, either directly or indirectly, or in conjunction with any person, persons or legal entity(ies), in any food service business competitive to the Muscle Maker System, in the Development Area, or five (5) miles of any Restaurant open or under construction on the date the Development Agreement terminates. *See* Development Agreement, **Exhibit 2** to the Complaint, at ¶XII.

31.     Defendants further covenanted and agreed :

a.  Not to divert or attempt to divert any present or prospective business or customer to any competitor by any direct or indirect means or do or perform any other act injurious or prejudicial to the goodwill associated with the Proprietary Marks and the System.

b.  Not to employ or seek to employ any person who is at that time employed by [Muscle Maker] or a developer or franchisee of [Muscle Maker], or otherwise directly or indirectly induce the employee to

leave his or his employment, unless such employment is accomplished with the written consent of the person's employer.

c. Not to assist, or provide any other services or advice to any other business involving the sale of high protein, low carbohydrate foods in general, and protein supplements.

*See* Development Agreement, **Exhibit 2** to the Complaint, at ¶XII.

## CZEKAJ AND STEC'S AGREEMENTS

32.     On February 10, 2010, Muscle Maker, Healthy Dining (as Franchisee) and Czekaj (as Covenantor) entered into a Confidentiality Agreement and Covenants Not To Compete Agreement (the "Czekaj Agreement"); a true and correct copy of which is attached hereto as **Exhibit 3** and is incorporated herein by this reference.

33.     On February 10, 2010, Muscle Maker, Healthy Dining (as Franchisee) and Stec (as Covenantor) entered into a Confidentiality Agreement and Covenants Not To Compete Agreement (the "Stec Agreement"); a true and correct copy of which is attached hereto as **Exhibit 4** and is incorporated herein by this reference.

34.     Both the Czekaj Agreement and the Stec Agreement are collectively referred to hereinafter as "the Covenantors' Agreements."

35.     Under the Covenantors' Agreements, Czekaj and Stec each individually agreed to, among other things:  (i) maintain the Know-how in confidence, and use same only in the course of his employment by or association with Franchisee and then only in connection with the development and/or operation by Franchisee of a Restaurant using the System for so long as

Franchisee is licensed by Muscle Maker to use the System. *See* Covenantors' Agreements, **Exhibits 3 and 4** to the Complaint.

36.    In order to protect the goodwill and unique qualities of the System and the confidentiality and value of the Know-how, Czekaj and Stec each individually agreed for two (2) years following termination of all of Franchisee's interest in the Franchise Agreement not to:

a.    Divert, or attempt to divert, directly or indirectly, any business, business opportunity or customer of the Restaurant to any competitor.

b.    Employ, or seek to employ, any person who is at the time (or has been within the preceding six (6) months) employed by [Muscle Maker], or any of its affiliates, or any franchisee or developer of [Muscle Maker], or otherwise directly or indirectly induce such persons to leave that person's employment.

c.    ... directly or indirectly have any interest as an owner, partner, director, officer, employee, manager, consultant, shareholder, representative, agent or otherwise in any business competitive with the products and services then offered by [Muscle Maker] within a five (5) mile radius of any *Muscle Maker Grill* restaurant or in the County in which Franchisee's Restaurant is located or within five (5) miles of the perimeter of said County starting on the effective date of the termination of the [Franchise Agreement].

*See* Covenantors' Agreements, **Exhibits 3 and 4** to the Complaint.

37.     Czekaj and Stec each individually agreed to pay all expenses (including court costs and reasonable attorneys' fees) incurred by Muscle Maker in enforcing the terms of the Covenantors' Agreement.   *See* Covenantors' Agreements, **Exhibits 3 and 4** to the Complaint.

## DEFENDANTS' BREACHES OF THE FRANCHISE AGREEMENT

38.     During the term of the Franchise Agreement, Franchisee breached its obligations and promises under, among other things, Paragraphs 7.2 and 7.3 the Franchise Agreement by failing to pay Muscle Maker the royalty fees and advertising fund fees incurred by Franchisee during the term of the Franchise Agreement.

39.     As a result, on September 16, 2014, Muscle Maker sent Defendants a Notice of Default/Notice of Intent to Terminate Absent Cure (the "Franchise Agreement Default Notice") and notifying them that they had seven (7) days within which to cure the existing default.  The Franchise Agreement Default Notice further advised Defendants that, in the event Muscle Maker elected to terminate the Franchise Agreement for failure to cure the default within the cure period, termination would be effective sixty (60) days from the date of the Franchise Agreement Default Notice.  A copy of the Franchise Agreement Default Notice is attached hereto as **Exhibit 5** and is incorporated herein by this reference.

40.     Defendants failed to cure the existing material default under the Franchise Agreement and, as a result, Muscle Maker sent Defendants a Notice of Termination on November 20, 2014, advising Defendants that the Franchise Agreement was terminated effective upon their receipt of the Notice.  A copy of the Notice of Termination of the Franchise Agreement is attached hereto as **Exhibit 6** and is incorporated herein by this reference.

41.     The Termination Notice demanded, among other things, strict compliance with Defendants' Post-Termination Covent under the Franchise Agreement, including, but not limited to, his obligation to immediately and permanently cease to use the trademark, trade name and service marks "Muscle Maker Grill®", "and any other distinctive forms, slogans, signs, symbols or devices associated with the Muscle Maker system …".   *See* Termination Notice, **Exhibit 6.**

42.     After termination of the Franchise Agreement, Defendants agreed under the Franchise Agreement to, among other things:

(i)     Not directly or indirectly at any time or in any manner identify [themselves] or [their] business as a current or former *Muscle Maker Grill* restaurant, or as a franchisee, licensee or dealer of or as otherwise associated with [Muscle Maker], or use any Mark, any colorable imitation of any Mark or other insignia of a *Muscle Maker Grill* restaurant in any manner for any purpose, or utilize for any purpose any trade name, trade or service mark or other commercial symbol that suggests or indicates a connection or association with [Muscle Maker] or [Muscle Maker's] affiliate;

(ii)     Return to [Muscle Maker] all signs, sign faces, catalogs, copies of customer lists, advertising and promotion materials, forms, and other materials containing a Mark or other identification relating to a *Muscle Maker Grill* restaurant;

(iii)     Take such action as may be required to cancel all fictitious or assumed names or equivalent registrations relating to [Franchisee's] use of any Mark;

(iv)     Notify the telephone company and all listing agencies of the termination of [Franchisee's] right to use the existing Restaurant telephone number(s) and any regular, classified or other telephone directory listings associated with any *Muscle Maker Grill* or related Mark, and to authorize transfer of same to or at [Muscle Maker's] direction. [Franchisee] acknowledges that as between [Muscle Maker] and [Franchisee], [Muscle Maker] has the sole right to the interest in all telephone numbers and directory listings associated with any Mark and [Franchisee] authorizes [Muscle Maker], and hereby appoints [Muscle

Maker] and any officer of [Muscle Maker] as [Franchisee's] attorney-in-fact, to direct the telephone company and all listing agencies to transfer same to [Muscle Maker] or at [Muscle Maker's] direction, should [Franchisee] fail or refuse to do so, and the telephone company and all listing agencies may accept such direction or this [Franchise] Agreement as conclusive of [Muscle Maker's] exclusive rights in such telephone numbers and directory listings and our authority to direct their transfer; and

(v)     Furnish to [Muscle Maker] within thirty (30) days after the effective date of termination evidence satisfactory to [Muscle Maker] of [Franchisee's] compliance with the foregoing obligations.

Franchise Agreement, **Exhibit 1** to the Complaint, at ¶ 15.2.

43.     Defendants have failed to comply with the post-termination covenants of the Franchise Agreement.

## DEFENDANTS' BREACHES OF THE DEVELOPMENT AGREEMENT

44.     During the term of the Development Agreement, Franchisee breached its obligations and promises by, among other things, failing to timely open a third Muscle Maker restaurant as required by the Development Agreement.

45.     As a result, on September 18, 2014, Muscle Maker sent Defendants a Notice of Default and Termination of Franchise Agreement and Multi-Unit Development Agreement (the "Development Agreement Default Notice"). The Development Agreement Default Notice advised Defendants that Muscle Maker had elected to terminate the Development Agreement for failure to comply with the development schedule and that the termination would be effective sixty (60) days from the date of the Development Agreement Default Notice. A copy of the Development Agreement Default notice is attached hereto as **Exhibit 7** and is incorporated herein by this reference.

46.     After termination of the Development Agreement, Defendants agreed under the Development Agreement, among other things, that for a period of two (2) years after termination not to "have any interest in any food service business competitive to the [Muscle Maker] System, in the Development Area, within five (5) miles of the outer boundaries of the Development Area, or five (5) miles of any [Muscle Maker] Restaurant open or under construction on the date this Agreement expires or terminates ...".  Development Agreement, **Exhibit 2** to the Complaint, at ¶ XII.

47.     Defendants further agreed that upon termination of the Development Agreement they would maintain the confidentiality of Muscle Maker's Confidential Operating Manual, return the Confidential Operating Manual to Muscle Maker and cease using any Know-how disclosed to, or otherwise learned or acquired by Defendants from Muscle Maker.

48.     Defendants have failed to comply with the post-termination covenants of the Development Agreement by, among other things, continuing to operate a competing restaurant in the restricted territory.

## DEFENDANTS' BREACHES OF THE COVENANTORS' AGREEMENTS

49.     Czekaj and Stec each agreed in the Covenantors' Agreements that in the event of termination of Franchisee's interest in the Franchise Agreement they would refrain for two years following such termination from, among other things, directly or indirectly having any interest "in any business competitive with the products and services then offered by Franchisor within a five (5) mile radius of any Muscle Maker Grill® restaurant or in the County in which Franchisee's Restaurant is located or within five (5) miles of the perimeter of said County." Covenantors' Agreements, **Exhibits 3** and **4** to the Complaint, at p. 3.

14

50.     Defendants have failed to comply with the Post-Termination covenant of the Covenantors' Agreements by, among other things, continuing to operate a competing restaurant in the restricted territory.

## COUNT I

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

51.     Muscle Maker incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

52.     Since the termination of the Franchise Agreement and the Development Agreement, Defendants have used, are using and, on information and belief, intend to continue to use Muscle Maker's trademarks and trade names in connection with the Restaurant, including, without limitation, web pages, telephone numbers and listings, and electronic and print advertising representing that they are an authorized Muscle Maker Grill® restaurant and its owner and/or operators are authorized Muscle Maker franchisees.

53.     Since the termination of the Franchise Agreement and the Development Agreement, Defendants have owned, maintained, purchased, placed and/or operated telephone numbers and listings, electronic advertisements and listings and/or websites on which Defendants depict, advertise, and represent themselves as being the owners of an authorized Muscle Maker Grill® franchise of Muscle Maker and/or otherwise associated with Muscle Maker's trademarks and trade names and the goods and services associated therewith.

54.     Since the termination of the Franchise Agreement and the Development Agreement, Defendants continue to control and use the telephone number(s) advertised under

Muscle Maker's trademarks for the operation of the Restaurant, including (718) 815-4745, and are otherwise identifying themselves as an authorized Muscle Maker restaurant.

55.     On information and belief, Defendants have intentionally traded, or intend to trade, on Muscle Maker's trademarks, trade name and confidential business system and to deliberately misappropriate Muscle Maker's goodwill for their own benefit.  Defendants' use of Muscle Maker's trademarks and trade names in connection with the former Restaurant is likely to cause confusion in the minds of consumers, who will believe that Defendants' Restaurant is an authorized Muscle Maker Grill® restaurant.

56.     Defendants' conduct, which unfairly suggests an affiliation between their former Restaurant and Muscle Maker, constitutes an infringement of Muscle Maker's trademarks under 15 U.S.C. §§ 1114(1)(a) and (b), and a false designation of the origin of Defendants' products and services in violation of 15 U.S.C. § 1125(a).

57.     Defendants' conduct is willful, knowing and intentional.

58.     Defendants' operation of a competing restaurant, as set forth above, has caused and, unless abated, will continue to cause Muscle Maker irreparable injury in that Muscle Maker will have difficulty re-franchising Defendants' trading area; business will be diverted from Muscle Maker's authorized franchisees; the goodwill related to Muscle Maker's trademarks, trade name and business system will be diluted and taken from Muscle Maker's control.

59.     Muscle Maker's immediate and irreparable harm, for which there is no adequate remedy at law, will continue unless and until Defendants are enjoined from committing these wrongful acts.

## COUNT II
## FEDERAL FALSE ADVERTISING

60.     Muscle Maker incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

61.     Defendants' use of the Muscle Maker trademarks and trade names constitutes false and deceptive representations of Muscle Maker's trademarks and trade names in that the use of Muscle Maker's trademarks are designed to siphon and re-direct initial interest in authorized Muscle Maker products sold in authorized Muscle Maker Grill® restaurants.

62.     Defendants' false and deceptive representations regarding its business and products are likely to cause confusion or mistake, or to deceive consumers into believing, that the business is an authorized Muscle Maker Grill® restaurant.   Defendants' actions violate section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Defendants' actions are willful, knowing and intentional.

64.     Muscle Maker has been and is being irreparably harmed by Defendants' misleading and deceptive misrepresentations of being an authorized Muscle Maker Grill® restaurant and Muscle Maker will continue to be irreparably harmed unless and until Defendants are enjoined from committing these wrongful acts.

17

## COUNT III

### TRADEMARK DILUTION

65.     Muscle Maker incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

66.     Despite knowledge of Muscle Maker's rights in and to the famous and distinctive Muscle Maker trademarks and trade names, Defendants now list and advertise its products and services in such a way as to cause dilution of the distinctive quality of Muscle Maker's famous name and trademarks.

67.     Defendants' use of the Muscle Maker trademarks and provision of its services has lessened and will lessen the capacity of Muscle Maker's famous service marks to identify and distinguish Muscle Maker's products and services.

68.     Defendants have willfully intended to trade on Muscle Maker's reputation and to cause dilution of Muscle Maker's famous name and trademarks.

69.     Defendants' acts constitute a violation of §43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and 54 Pa. Stat. § 1124.

70.     By reason of and as a direct result of these acts of dilution by Defendants, Muscle Maker is suffering irreparable harm and will continue to suffer irreparable damage unless and until Defendants are enjoined from committing these wrongful acts.

### COUNT IV

### BREACH OF CONTRACT – FRANCHISE AGREEMENT POST-TERMINATION COVENANTS

71.     Muscle Maker incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

18

72.     Defendants' have violated the terms of the Franchise Agreement by Operating their former Restaurant post-termination, as set forth above, in breach of the obligations of Paragraph 15.4 of the Franchise Agreement wherein Defendants agreed post-termination not to operate a business competitive with the products and services offered by a Muscle Maker Grill® restaurant for a period of two (2) years, at the location of their former Restaurant, within five (5) mile radius of any Muscle Maker Grill® restaurant, in the county where the Restaurant was located or with five (5) miles of the perimeter of that county.

73.     Defendants have further breached their obligations under the Franchise Agreement not to, directly or indirectly, (a) divert or attempt to divert any business or customer of their former Muscle Maker Grill® Restaurant to any competitor; (b) represent to the public or hold themselves out as a present or former franchisee of Muscle Maker; or (c) do or perform any other act injurious or prejudicial to the goodwill associated with the Muscle Maker System.

74.     Defendants have further breached their obligations under the Franchise Agreement by violating the Covenant of Confidentiality.

75.     Defendants' continued operation of a competing restaurant, as set forth above, is causing and will continue to cause Muscle Maker irreparable harm, for which there is no remedy at law, through loss of its goodwill, diversion of Muscle Maker sales and relationship problems that are likely to be encountered with its other franchisees.

76.     Muscle Maker is being irreparably harmed by Defendants' conduct and will continue to be irreparably harmed until Defendants' unlawful conduct is enjoined.

## COUNT V

### BREACH OF CONTRACT – DEVELOPMENT AGREEMENT POST-TERMINATION COVENANTS

77.   Muscle Maker incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

78.   Defendants' continuing post-termination operation of, and involvement in, a competing restaurant, as set forth above, is a breach of the obligations of the Development Agreements to not operate a competing restaurant business at the location of their former Restaurant, 2071 Clove Road, Staten Island, NY 10304, within a radius of five (5) miles of any Muscle Maker Grill® restaurant or the county in which they owned any franchised Restaurant or within five (5) miles of the perimeter of said county for two (2) years following expiration of the Franchise Agreement for any reason.  Defendants also have breached their obligation under the Development Agreement not to, directly or indirectly, (a) divert or attempt to divert any business or customer of their former Restaurant to any competitor; (b) represent to the public or hold themselves out as a present or former franchisees of Muscle Maker; or (c) do or perform any other act injurious or prejudicial to the goodwill associated with the Muscle Maker System.

79.   Defendants' operation of a competing restaurant, as set forth above, for which there is no adequate remedy at law, will cause Muscle Maker irreparable harm through, among other things, loss of its goodwill, diversion of Muscle Maker sales and relationship problems that are likely to be encountered with its other franchisees.

80.   Muscle Maker is being irreparably harmed by Defendants' conduct and will continue to be irreparably harmed until Defendants' unlawful conduct is enjoined.

## COUNT VI

### BREACH OF CONTRACT – CZEKAJ COVENANTOR AGREEMENT
### POST-TERM COVENANTS

81.     Muscle Maker incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

82.     Defendants' conduct, as set forth above, breached and continues to breach their post-termination obligations under the Czekaj Covenantor Agreement not to communicate, divulge, or use for the benefit of any other person, persons, partnership, association or corporation, any trade secrets or confidential information, knowledge, or know-how concerning the methods of operation of a Muscle Maker Grill® Restaurant which was communicated or disclosed to them, or of which they became apprised, by virtue of their operation under the terms of the Franchise Agreement.

83.     Defendants' conduct as set forth above breached and continues to breach their obligations under the Czekaj Covenantor Agreement to refrain for two years following such termination from, among other things, directly or indirectly having any interest "in any business competitive with the products and services then offered by Franchisor within a five (5) mile radius of any Muscle Maker Grill® restaurant or in the County in which Franchisee's Restaurant is located or within five (5) miles of the perimeter of said County."

84.     Defendants' breaches of the Covenant of Confidentiality and the non-competition covenant in the Czekaj Covenantor Agreement, as set forth above, for which there is no adequate remedy at law, have caused and, unless abated, will continue to cause Muscle Maker irreparable injury in that, among other things, Muscle Maker will have difficulty refranchising Defendants' trading area; business will be diverted from Muscle Maker's authorized franchisees;

and the goodwill related to Muscle Maker's trademarks, trade name and business system will be diluted and taken from Muscle Maker's control.

85.     Muscle Maker's immediate and irreparable harm will continue unless and until Defendants are enjoined from committing these wrongful acts.

## COUNT VII

## BREACH OF CONTRACT – STEC COVENANTOR AGREEMENT POST-TERM COVENANTS

86.     Muscle Maker incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

87.     Defendants' conduct, as set forth above, breached and continues to breach their post-termination obligations under the Stec Covenantor Agreement not to communicate, divulge, or use for the benefit of any other person, persons, partnership, association or corporation, any trade secrets or confidential information, knowledge, or know-how concerning the methods of operation of a Muscle Maker Grill® Restaurant which was communicated or disclosed to them, or of which they became apprised, by virtue of their operation under the terms of the Franchise Agreement.

88.     Defendants' conduct as set forth above breached and continues to breach their obligations under the Stec Covenantor Agreement to refrain for two years following such termination from, among other things, directly or indirectly having any interest "in any business competitive with the products and services then offered by Franchisor within a five (5) mile radius of any Muscle Maker Grill® restaurant or in the County in which Franchisee's Restaurant is located or within five (5) miles of the perimeter of said County."

22

89.     Defendants' breaches of the Covenant of Confidentiality and the non-competition covenant in the Stec Covenantor Agreement, as set forth above, for which there is no adequate remedy at law, have caused and, unless abated, will continue to cause Muscle Maker irreparable injury in that, among other things, Muscle Maker will have difficulty refranchising Defendants' trading area; business will be diverted from Muscle Maker's authorized franchisees; and the goodwill related to Muscle Maker's trademarks, trade name and business system will be diluted and taken from Muscle Maker's control.

90.     Muscle Maker's immediate and irreparable harm will continue unless and until Defendants are enjoined from committing these wrongful acts.

## COUNT IX

## DECLARATORY JUDGMENT

91.     Muscle Maker incorporates the allegations contained in the preceding paragraphs as if fully set forth in this paragraph.

92.     Defendants' failure to comply with the terms of the Franchise Agreement, the Development Agreement and the Covenantors' Agreements creates an actual controversy between Muscle Maker and Defendants concerning the rights and obligations contained in the Franchise Agreement, the Development Agreement and the Covenantors' Agreements. Muscle Maker, therefore, requests that the Court declare Defendants to be in violation of the Franchise Agreement, the Development Agreement and the Covenantors' Agreements.

93.     Pursuant to this declaration, Muscle Maker requests that the Court declare that the Franchise Agreement and the Development Agreement have been properly terminated

and further declare that Defendants have no further rights with respect to the Franchise Agreement and the Development Agreement.

## COUNT X

### ATTORNEYS' FEES

94.   Muscle Maker incorporates the allegations contained in the preceding paragraphs as if fully set forth in this paragraph.

95.   Paragraph 16.7 of the Franchise Agreement provides:

> If we or you are required to enforce this Agreement in a judicial proceeding, the party prevailing in such proceeding shall be entitled to reimbursement of its costs and expenses, including reasonable accounting and legal fees as assessed by the court.

96.   In accordance with the provisions of Paragraph 16.7 of the Franchise Agreement, Muscle Maker is entitled to recover its costs and expenses, to include its reasonable attorneys' fees, incurred in enforcing the termination of the Franchise Agreement, de-identification of Defendant's formerly franchised business and cessation of use of the telephone number(s) for the former Restaurant as provided in the Franchise Agreement in the event Muscle Maker prevails in this proceeding.

**WHEREFORE,** Plaintiff Muscle Maker Franchising, LLC demands judgment in its favor and against Defendants Healthy Dining LLC, Krzysztof Czekaj and Tomasz Stec as follows:

A preliminary and permanent injunction enjoining Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation:

24

(a)     from communicating, divulging, or using for the benefit of any person, persons, partnership, association or entity, any trade secrets, knowledge or know how communicated or disclosed to Defendants by Muscle Maker;

(b)     from using, in connection with a non-Muscle Maker business, by advertising or in any manner whatsoever, any equipment, confidential methods, procedures and techniques associated with the Muscle Maker business system; the trade and service mark "Muscle Maker Grill®" any other Muscle Maker trade name, trademark, service mark, or distinctive form, slogan, sign, symbol or device associated with the Muscle Maker business system including all signs, equipment, advertising materials, stationery, forms, domain names, websites, electronic communications or solicitations, and any other articles which display Muscle Maker's trademarks, trade names or service marks;

(c)     from holding themselves out as   present or former Muscle Maker franchisees;

(d)     from owning, maintaining, engaging in, being employed by, financing, assisting or having any interest in any non-Muscle Maker business at the location of their former Restaurant, 2071 Clove Road, Staten Island, NY 10304, or within a five (5) mile radius of any Muscle Maker Grill® restaurant or the county in which Defendants owned any franchised Restaurant or within five (5) miles of the perimeter of said County for a period of two (2) years following the later of (i) the date of Termination of

the Franchise Agreement and/or Development Agreement or (ii) the date Defendants achieve full compliance with the Post-Term Covenant;

(e)    from diverting or attempting to divert any business or customer of their former Muscle Maker Grill® Restaurant to any competitor by direct or indirect inducement or otherwise, for a period of two (2) years following the later of (i) the date of Termination of the Franchise Agreement and/or Development Agreement or (ii) the date Defendants achieve full compliance with the Post-Term Covenant;

(f)    from doing or performing, either directly or indirectly, any other act injurious or prejudicial to the goodwill associated with Muscle Maker trademarks, trade names, service marks or the Muscle Maker business system;

(g)    from employing or seeking to employ any person who is at that time employed by Muscle Maker or by any Muscle Maker franchisee, or otherwise directly or indirectly inducing such person to leave his employment with Muscle Maker or such Muscle Maker franchisee for a period of two (2) years following the later of (i) the date of Termination of the Franchise Agreement and/or Development Agreement or (ii) the date Defendants achieve full compliance with the Post-term Covenant;

(h)    An order requiring Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them, either directly or indirectly, for themselves, or through, on behalf of, or in

conjunction with any other person, persons, partnership or corporation, to cancel any assumed name or equivalent registration which contains the name "Muscle Maker Grill®" and any other service mark or trademark of Muscle Maker, including without limitation, any domain names, websites, electronic communications or solicitations;

And, further Ordering Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, to immediately:

(i)     turn over to Muscle Maker the Confidential Operating Manual, records, files, instructions, correspondence, proprietary software, all materials related to Defendants' operation of their former Muscle Maker Grill® restaurant including all brochures and agreements, and any and all other materials and any other documents (including those in any electronic format) that relate to the operation of their former Muscle Maker Grill® restaurant or otherwise embody or reflect any part of the Muscle Maker System or Muscle Maker's trade secrets or confidential and proprietary information;

(j)     cease using the telephone number(s) advertised under Muscle Maker's trademarks for the operation of the Restaurant, including (718) 815-4745, and to transfer control of any such telephone number(s) to Muscle Maker;

(k)     cancel or transfer, or otherwise to direct their internet service providers

27

and vendors to cancel or transfer, immediately to Muscle Maker any electronic listing or website (or interest held by them therein) that features, displays, refers, or links to the name "Muscle Maker Grill®", any other service mark or trademark of Muscle Maker, or any other confusingly similar electronic listing or website;

(l)    reimburse Muscle Maker for the attorneys' fees and costs incurred by Muscle Maker in enforcing its rights under the Franchise Agreement;

And, further declaring that:

(m)    the Franchise Agreement and the Development Agreement have been properly terminated by Muscle Maker and that Defendants have no further rights under the Franchise Agreement and/or the Development Agreement;

And, for:

(n)    Such further relief as this Court deems appropriate.

November 26, 2014

MUSCLE MAKER FRANCHISING, LLC

*Constantine T. Fournaris*

Constantine T. Fournaris
WIGGIN AND DANA LLP
Two Liberty Place
50 S. 16th Street, 29th Floor
Philadelphia, PA 19102
215-988-8311
cfournaris@wiggin.com

*Attorneys for Plaintiff*
*Muscle Maker Franchising, LLC*

**VERIFICATION**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

I, _Robert Morgan_ state as follows:

I am the _____*COO*_____ for Muscle Maker Franchising, LLC ("Muscle Maker"). As such, I am authorized to make this oath and verification. In my capacity as the _____*COO*_____ for Muscle Maker, I am the custodian for all books and records of Muscle Maker and I am familiar with those books and records. I am familiar with Muscle Maker's business operations, including its business dealings and its relationship with its franchisees generally and with Defendants in particular. I have read the foregoing Verified Complaint. I know the contents thereof to be true of my own personal knowledge, except for those allegations made in the Verified Complaint upon information and belief. As for the allegations contained in the Verified Complaint which are made upon information and belief, I believe them to be true.

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 26th, 2014

20972/15/3171345.1